UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE APPLICATION OF THE | | 3:18MJ1933-SALM |
| UNITED STATES OF AMERICA FOR | : | MISC. NO. |
| AN ORDER PURSUANT TO | | |
| 18 U.S.C. § 2703(d) FOR THE | | **FILED UNDER SEAL** |
| DISCLOSURE OF RECORDS AND | : | |
| HISTORICAL CELL SITE | : | |
| (i.e. TOWER/SECTOR) | : | February 26, 2016 |
| INFORMATION | : | |

**APPLICATION OF THE UNITED STATES
FOR ORDERS PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, through Deirdre M. Daly, United States Attorney for the

District of Connecticut, by Anthony E. Kaplan, Assistant United States Attorney, hereby moves

this Court pursuant to 18 U.S.C. § 2703(d) for an Order: (1) requiring AT&T Wireless, also

doing business as Cingular Wireless, which is a cellular service provider, to disclose

telecommunications records, including but not limited to, subscriber information and historical

cell site data (i.e., tower/sector) information, for the period of December 1, 2015 through the

present, pertaining to a particular cellular telephone number, as described in Part I of the

Attachment hereto and in the proposed Order; (2) precluding the cellular service provider from

disclosing to the subscriber(s) or customer(s) or to any other person this Application, any order

issued in connection with this Application, or the fact of disclosure of such records to the

requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. §

2705(b); and (3) sealing this Application, its Attachments, the Court's Order, and any related

documents.

In support of this application, the undersigned states as follows:

## LEGAL BACKGROUND

1.      The undersigned is an attorney for the government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and therefore pursuant to 18 U.S.C. § 2703(c)-(d) may apply for an Order as requested herein.

2.      AT&T Wireless, also doing business as Cingular Wireless is a provider of electronic communications services, as defined in 18 U.S.C. § 2510(15), and/or remote computing services, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T Wireless, also doing business as Cingular Wireless to disclose the items described in Part II of the Attachment to this Application.  *See* 18 U.S.C. § 2703(c)(1) and (2).

3.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of the Attachment are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

5.      On or about February 12, 2016, I submitted an application pursuant to 18 U.S.C. § 2703(d) which was granted by the Court that same date.  A copy of that application and order are appended hereto.  Paragraphs (4) – (11) are incorporated herein.  I am advised of the following additional information by Special Agent Lisa Tutty of the Federal Bureau of Investigation ("FBI").

6.      On February 11, 2016, West Haven Police Department crime scene detectives were able to lift palm and fingerprint impressions from the Sam's Food Mart crime scene, located at 665 Campbell Avenue, West Haven, CT.  Based on the latent print evidence, detectives received a positive Automated Fingerprint Identification System (AFIS) hit for an individual named Michael Belle, a/k/a Michael Bell, date of birth 09/18/1998.

7.      Investigation determined Belle resided at 330 Short Beach Road, Apartment D8, East Haven, CT.  Surveillance was initiated in the vicinity of 330 Short Beach Road, apartment D8, East Haven, CT, on February 11, 2016.  At approximately 7:30 pm, Belle was observed departing 330 Short Beach Road and entering a two door Nissan Altima registered to his mother, Dovona Belle.  The vehicle was observed to travel to 1070 Townsend Avenue, New Haven, CT, whereupon Belle exited the vehicle and entered 1070 Townsend Avenue, New Haven, CT.  Belle was observed wearing a red hooded sweatshirt and was carrying a white bag with handles.

8.      Officer Michael Mastropetre, New Haven Police Department, a task force officer assigned to the FBI Safe Streets Task Force, determined through investigation that the 2nd and 3rd

floors of 1070 Townsend Avenue, New Haven, CT, were frequented by members of neighborhood based gangs known as "GSB" and "88 Boys," whose members are involved in various criminal activities to include shootings and robberies. Two individuals associated with the 1070 Townsend address include Clifford Brodie Willet, a/k/a Clifford Brodie, who resides at the residence with his mother and Milton Westley, who also resides at the address.

9.      A search of social media sites by the Hamden Police Department determined that Michael Belle and Clifford Brodie Willet were recently photographed together. Investigation by Officer Mastropetre determined Belle associated with Brodie Willet and Milton Westley.

10.     On February 11, 2016, Michael Belle and another black male were observed exiting 1070 Townsend Avenue, New Haven, CT and entering a dark colored Mercedes Benz. Belle was still clad in a red hooded sweatshirt, but no longer carried the white bag he had carried into the residence. The vehicle departed the area at a high rate of speed in such a fashion as to evade police surveillance.

11.     Simultaneous to the ongoing surveillance efforts, the West Haven Police Department obtained an arrest warrant for Michael Belle, charging him with Robbery in the First Degree, in violation of Connecticut General Statutes (C.G.S.) 53a-134; Conspiracy to Commit Robbery in the First Degree, in violation of C.G.S. 53a-48 and 53a-134 and Larceny in the Sixth Degree, in violation of C.G.S. 53a-125a.

12.     In the early morning hours of February 12, 2016, Michael Belle, Clifford Brodie Willet, Milton Westley and Sedale Pervis were observed approaching the vehicle they had been seed to be passengers in at 1070 Townsend Avenue, New Haven, CT. Belle was placed under arrest pursuant to the West Haven Police Department arrest warrant.

13.     On February 12, 2016, Officer Mastropetre, New Haven Police Department, obtained a search warrant for 1070 Townsend Avenue, New Haven, CT.  The search yielded three black facemasks and a red hooded sweatshirt .  The three black facemasks and red hooded sweatshirt were located in Milton Westley's bedroom.  The items are consistent with items observed in the video surveillance footage recovered from the victim commercial establishments.

14.     On February 12, 2016, Michael Belle provided his cellular telephone number to the West Haven Police Department.  Belle stated his cellular telephone number is 203-584-6063.

15.     Investigation determined that the commercial robberies occurring on February 9, 2016 and February 11, 2016, involved as many as three perpetrators, only one of whom, Michael Belle, has been identified and charged with Robbery in the First Degree.  Your affiant knows, through training and experience, individuals engaged in criminal conduct will communicate by way of cellular telephone to coordinate their criminal activities and to assist one another in evading identification and capture by law enforcement authorities.  Analysis of historical originating and terminating call detail records, cell site information, and cellular GPS data can assist law enforcement in identifying the other perpetrators engaged in the criminal conduct described above.

16.     On 02/22/2016, AT&T provided records in response to a United States District Court order, issued by the Honorable Magistrate Judge Sarah A.L. Merriam, United States District Court, District of Connecticut, on 02/12/2016.  Not all of the cell tower information has been received by the FBI.  However, the records provided by AT&T reflect the cellular telephone numbers and corresponding unique identifiers of the wireless devices that registered with AT&T towers in the vicinity of the respective robberies at and around the time of the

respective robberies described above.  The data provided by AT&T included the source and destination telephone numbers associated with each communication using the AT&T tower; the date, time and duration of the communications; the sectors of the towers that received the radio signal from the  wireless device;  and the type of communication (such as phone call or text message).

17.     A review of the cellular tower data provided by AT&T determined that Michael Belle's self-admitted cellular telephone number, 203-584-6063, accessed AT&T cellular towers in the vicinity of Subway, 1461 Whalley Avenue, New Haven, CT;  Sam's Food Mart, 262 Forbes Avenue, New Haven, CT; and Sam's Food Mart, 665 Campbell Avenue, West Haven, CT,  within minutes of the armed robberies described above.

18.     On 02/19/2016, pursuant to a search warrant issued by the Honorable Judge Iannotti, State of Connecticut Superior Court, Milford, CT,  Federal Bureau of Investigation Computer Analysis Response Team (CART) examiner Emmanuel Hatzikostas initiated an examination of Michael Belle's cellular phone, an Apple iPhone 6, model A1549.   CART Examiner Hatzikostas' exam determined Belle's cellular telephone was assigned IMEI number 359234064121777 and the telephone number for the phone, as reflected on the phone SIM card, was 203-584-6063.   CART Examiner Hatzikostas was unable to conduct a full forensic examination of the cellular phone due to the encryption measures installed on the phone.

19.     In view of the FBI's inability to conduct a full forensic exam of Belle's phone, one of the next logical investigative steps  includes requesting certain records from AT&T Wireless, also doing business as Cingular Wireless, for cellular telephone number 203-584-6063, to include the phone service subscriber name; address; length of service and types of service

utilized; telephone or instrument numbers affiliated with the account; means and source of payment for such service; billing records; call detail records, including local and long distance telephone connection records, records of session times and durations; and text detail records (not including content). In addition, the requested information will provide more precise detail regarding the location of Belle's telephone including the times of the robberies. In addition, the requested information will provide more detailed information regarding Belle's communication with others including at or about the time of the robberies. In addition to providing evidence regarding Belle's involvement in the robberies, there is reasonable cause to believe that it may yield evidence to assist the investigators in identifying one or more of his confederates.

### **REQUEST FOR ORDER**

20.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and information described in Part II of the Attachment are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that the Court order AT&T Wireless, also doing business as Cingular Wireless to produce all items described in Part II of the Attachment to the proposed Order.

21.     The United States further requests that the Order require AT&T Wireless, also doing business as Cingular Wireless not to notify any person, including the subscribers or customers of the account listed in Part I of the Attachment, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). Such a requirement is justified because the Order relates to an ongoing criminal investigation, the full scope and extent of which is neither

public nor known to all of the subjects of the investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving subjects an opportunity to destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

22.     The United States further requests that the Court order that this Application and any resulting Order be sealed until further order of the Court in order to avoid disclosing the scope and nature of the investigation prematurely; to avoid compromising the ability of law enforcement authorities to develop further evidence, including evidence in the grand jury; to avoid interfering with the ability of law enforcement authorities to secure the testimony of witnesses; and to avoid compromising the potential for law enforcement authorities to seize relevant evidence later in the investigation. In short, premature disclosure of the contents of this application and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

ANTHONY E. KAPLAN
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT08083
157 Church Street; 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3700